UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSE ANTONIO PALACIOS ALVARENGA,<br>2000 G Street, N.W.<br>Washington, D.C. 20052,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| FROGGY TIMES, INC.,<br>d/b/a FROGGY BOTTOM PUB,<br>2142 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MINH HIEN BUI<br>2142 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

### I.  INTRODUCTION

1.  Plaintiff Jose Antonio Palacios Alvarenga brings this action against Defendants Froggy

    Times, Inc., d/b/a Froggy Bottom Pub, and employer Minh Hien Bui (collectively

    "Defendants") to recover unpaid minimum, overtime and promised wages.  From

    approximately January 2004 to January 2011, Mr. Alvarenga worked for Defendants as a

    dishwasher and cook in the kitchen of Froggy Bottom Pub in Washington, D.C.

---

[1] The address indicated is that of the office of Plaintiff's counsel.  This address has been included to protect Plaintiff
from potential reprisal.

2.  Throughout his employment, Mr. Alvarenga typically worked Mondays through
    Saturdays without a break for approximately 14 hours each day.  At all times relevant to
    this action, Mr. Alvarenga was paid $7 per hour, which was less than the District of
    Columbia minimum wage since July 24, 2008, and he was never paid time-and-a-half for
    the 40 to 50 hours of overtime work he performed each week.

## II. JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Mr. Alvarenga's Fair Labor Standards Act
    claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  Pursuant to 28 U.S.C. §
    1367(a), this Court has supplemental jurisdiction over Mr. Alvarenga's District of
    Columbia Minimum Wage Act Revision Act of 1992, District of Columbia Wage
    Payment and Wage Collection Law and common law claims.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial
    part of the events giving rise to Mr. Alvarenga's claims occurred within the District of
    Columbia.

## III. PARTIES

5.  Mr. Alvarenga is a resident of Washington, D.C.  Defendants employed Mr. Alvarenga
    from approximately January 2004 to January 2011 as a dishwasher and cook in their food
    service establishment.  At all times material to this action, Mr. Alvarenga was an
    "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §
    203(e)(1), District of Columbia Minimum Wage Act Revision Act of 1992 ("DCMWA"),
    D.C. Code § 32-1002(2), and District of Columbia Wage Payment and Wage Collection
    Law ("DCWPWCL"), D.C. Code § 32-1301(2) because Defendants supervised Mr.
    Alvarenga's work schedule, regulated Mr. Alvarenga's hours, paid Mr. Alvarenga on an

2

hourly basis for his regularly performed duties and, upon information and belief, maintained his employment records.

6.  Throughout his employment, Mr. Alvarenga was employed by an enterprise engaged in "interstate commerce" because Froggy Bottom Pub has employees ordering, handling and selling food and goods from outside the District of Columbia and providing services to individuals who reside in states outside the District of Columbia, within the meaning of the FLSA, 29 U.S.C. § 203(b).

7.  Froggy Bottom Pub is the trade name of a District of Columbia corporation called Froggy Times, Inc., a company licensed to do business in the District of Columbia. At all times material to this action, Defendant Minh Hien Bui was a director of Defendant Froggy Times, Inc. and an owner and operator of a food service business called Froggy Bottom Pub. Defendant Froggy Times, Inc. employed Mr. Alvarenga at Froggy Bottom Pub, located at 2142 Pennsylvania Avenue, N.W., Washington, D.C. 20037. Defendant Froggy Times, Inc. was Mr. Alvarenga's "employer" as defined by 29 U.S.C. § 203(d) and D.C. Code § 32-1002(3).

8.  Defendant Froggy Times, Inc. is an "enterprise," within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and an "enterprise engaged in commerce or in the production of goods in commerce" under 29 U.S.C. § 203(s)(1), because it has two or more employees who are engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

9.  Defendant Minh Hien Bui is an owner and operator of Froggy Bottom Pub. Defendant Bui was Mr. Alvarenga's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), DCMWA, D.C. Code § 32-1002 (3), and DCWPWCL, D.C. Code § 32-1301(1)

3

because at all times relevant to this claim, Defendant Bui was responsible for paying Mr.

Alvarenga and scheduling his hours of employment.

## IV. STATUTORY BACKGROUND

### Fair Labor Standards Act
### (29 U.S.C. § 201 *et seq.*)

10. The FLSA was enacted by Congress to protect the health, efficiency and well-being of

    workers. 29 U.S.C. § 202(a).

11. The FLSA requires that an employee be paid a minimum wage of $7.25 per hour for

    work performed since July 24, 2009. 29 U.S.C. § 206(a)(1).

12. The FLSA requires that employers display an official poster outlining the requirements of

    the FLSA. 29 C.F.R. § 516.4.

13. Pursuant to the FLSA, all employees must be paid one and one half times their regular

    rate of pay for every hour worked in excess of 40 per week. 29 U.S.C. § 207(a)(1). In

    calculating the overtime rate, an employee's regular rate of pay cannot be less than the

    federal minimum wage. 29 C.F.R. § 778.107.

14. Employers that fail to pay an employee's earned regular or overtime compensation are

    additionally liable to the employee for liquidated damages in the amount of the unpaid

    wages as well as attorneys' fees and costs. 29 U.S.C. § 216(b).

15. Employers are required to maintain employee payroll records, including the rate of pay,

    hours worked each day and each workweek, straight-time and overtime wages due and

    total wages paid each pay period. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5.

16. According to the FLSA, hours worked, for which payment must be made, ordinarily

    include all the time during which an employee is required to be on the employer's

    premises, on duty, or at a prescribed workplace. 29 U.S.C. § 203(o).

17. 29 C.F.R. § 785.48(b) permits employers to round employees' starting and stopping time
to the nearest quarter hour, but only if the arrangement averages out so that the
employees are fully compensated for all the time they actually worked.  29 C.F.R. §
785.48(b).  An employer may violate the FLSA minimum wage and overtime
requirements if the employer always rounds down.  Id.

## D.C. Minimum Wage Act Revision Act of 1992
### (D.C. Code § 32-1001 *et seq.*)

18. The DCMWA was enacted to protect the health and well-being of persons employed in
the District of Columbia.  D.C. Code § 32-1001.

19. The DCMWA requires that all workers employed in the District of Columbia, except
those specifically excepted in Section 32-1004, must be paid a minimum wage of $7.55
for work performed from July 24, 2008 to July 23, 2009, and $8.25 per hour for work
performed since July 24, 2009.  D.C. Code § 32-1003(a)(2).

20. Pursuant to the DCMWA, all employees must be paid one and one half times their
regular hourly wage for every hour worked in excess of 40 per week.  D.C. Code § 32-
1003(c).

21. The DCMWA requires that all employers keep records of the hours their employees work
and the wages that they pay them, and to provide each employee an itemized statement
showing the date of the payment, the gross and net wages paid, any deductions taken, and
the hours worked during the pay period at the time of each payment.  D.C. Code § 32-
1008(a)-(b).

22. Employers are required to post a Minimum Wage Poster in or about the premises at
which any employee covered is employed.  This summary of the law must remain in a
conspicuous place where employees may read it.  D.C. Code § 32-1009(a).  It is unlawful

5

for an employer to fail to post the act and regulations on the premises. D.C. Code § 32-1010.

23. Employers that fail to pay an employee's earned regular or overtime compensation are additionally liable to the employee for liquidated damages in the amount of the unpaid wages. D.C. Code § 32-1012(a).

### D.C. Wage Payment and Wage Collection Law
### (D.C. Code § 32-1301 *et seq.*)

24. The DCWPWCL protects the rights of employees to be paid promised wages on regular paydays or within an acceptable period of time following separation from employment. D.C. Code § 32-1301 *et seq.*

25. The DCWPWCL requires that employers pay their employees at least twice monthly on designated paydays. D.C. Code § 32-1302.

26. The DCWPWCL requires that if a worker is fired, unpaid wages must be paid the next working day. If a worker resigns voluntarily, wages due must be paid on the next regular payday or within seven days, whichever is earlier. D.C. Code § 32-1303(2).

27. Employers that fail to pay an employee's wages in accordance with the DCWPWCL are liable to the employee for unpaid wages, liquidated damages in the amount of the unpaid wages, attorneys' fees and costs. D.C. Code § 32-1308(a).

### V. FACTUAL ALLEGATIONS

28. Mr. Alvarenga worked at Froggy Bottom Pub from approximately January 2004 to January 2011. From approximately January 2004 to January 2007, Mr. Alvarenga was employed as a dishwasher, and from approximately January 2007 to January 2011, he was employed as a cook.

6

29. Throughout his employment, Mr. Alvarenga was paid $7 per hour. After July 24, 2008, this hourly wage was below the District of Columbia minimum wage.

30. Throughout his employment, Mr. Alvarenga worked Mondays through Saturdays without a break for approximately 14 hours each day. For the hours that exceeded 40 per week, Mr. Alvarenga was paid his promised rate of pay at $7 per hour, but was never paid the overtime premium.

31. When Mr. Alvarenga requested a pay raise, Defendant Bui rejected his request, threatening and disparaging him.

32. On approximately seven occasions throughout his employment, Mr. Alvarenga performed landscaping services at Defendant Bui's private residence in addition to his work at the Pub. On the weeks that Mr. Alvarenga performed this work, he worked Monday through Sunday for approximately 90 hours per week and was not paid the overtime premium for the 50 hours.

33. At the end of each work week, Defendants used Mr. Alvarenga's time-stamped timecards to calculate the total number of hours Mr. Alvarenga worked. Defendants then multiplied the number of hours worked by Mr. Alvarenga's promised $7 hourly wage to determine his weekly wage payment.

34. On many occasions, however, Defendants failed to pay Mr. Alvarenga for all of the time that he actually worked. Defendants sometimes rounded down the total time worked during a work day and/or a work week to the nearest hour, thereby failing to pay Mr. Alvarenga for all minutes that he was actually working. Defendants never rounded up to the nearest hour.

35. Defendants failed to post and keep posted in a conspicuous location any notice relating to the right of employees to be paid and to receive minimum wage and overtime compensation.

36. At all times relevant to this action, Mr. Alvarenga did not know or have reason to know that he was entitled to wages in accordance with federal and District of Columbia wage and hour laws.

## VI. ALLEGATIONS

### Count I
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)

37. Mr. Alvarenga repeats and incorporates by reference paragraphs 1 through 36 as though fully set forth at length herein.

38. At all times relevant to this action, Mr. Alvarenga was an employee engaged in commerce and was employed by Defendants within the meaning of 29 U.S.C. § 201 *et seq.*

39. Defendants willfully violated the FLSA as follows:

   a. Defendants willfully violated 29 U.S.C. § 206 after July 24, 2009 by failing to pay Mr. Alvarenga at least the minimum wage for every hour he worked.

   b. Defendants willfully violated 29 U.S.C. § 207 by failing to pay Mr. Alvarenga overtime wages at the rate of one and one half times his regular hourly rate for hours he worked in excess of 40 hours per week.

   c. Defendants willfully violated 29 U.S.C. § 211(c) by exclusively rounding down the hours Mr. Alvarenga worked, thereby failing to keep accurate records of all hours Mr. Alvarenga worked.

8

d. Defendants willfully violated 29 C.F.R. § 785.48(b) by exclusively rounding

down the hours Mr. Alvarenga worked, thereby failing to pay him for time he

worked for Defendants.

## Count II
## (Violation of the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code § 32-1001 *et seq.*)

40. Mr. Alvarenga repeats and incorporates by reference paragraphs 1 through 36 as though

fully set forth at length herein.

41. At all times relevant to this action, Mr. Alvarenga was employed by Defendants, and

Defendants were employers within the meaning of D.C. Code § 32-1001 *et seq.*

42. Defendants violated the DCMWA as follows:

a. Defendants violated D.C. Code § 32-1003(a) after July 24, 2008 by failing to pay

Mr. Alvarenga at least the minimum wage for every hour he worked.

b. Defendants violated D.C. Code § 32-1003(c) by failing to pay Mr. Alvarenga

overtime wages at the rate of one and one half times his regular hourly rate for

hours he worked in excess of 40 hours per week.

c. Defendants willfully violated D.C. Code § 32-1008(b) by failing to furnish Mr.

Alvarenga at the time he was paid an itemized statement showing:

    i. the date of the wage payment,

    ii. the gross wages paid,

    iii. any deductions taken from the wages,

    iv. the net wages paid, and

    v. the hours he worked during each pay period.

9

## Count III
### (Violation of the D.C. Wage Payment and Wage Collection Law, D.C. Code § 32-1303 *et seq.*)

43. Mr. Alvarenga repeats and incorporates by reference paragraphs 1 through 36 as though fully set forth at length herein.

44. At all times relevant to this action, Mr. Alvarenga was employed by Defendants, and Defendants were "employers," within the meaning of D.C. Code § 32-1301 *et seq.*

45. Defendants violated D.C. Code § 32-1302 by failing to pay Mr. Alvarenga for all time worked as a result of the rounding practices described in paragraph 34.

## Count IV
### (Quantum Meruit)

46. Mr. Alvarenga repeats and incorporates by reference paragraphs 1 through 36 as though fully set forth at length herein.

47. Throughout his employment, Mr. Alvarenga rendered valuable services to Defendants.

48. Defendants received services and benefited from Mr. Alvarenga's work and failed to fully compensate him.

49. As a result of Defendants' failure to pay legally required wages to Mr. Alvarenga, Defendants received unjust enrichment, and Mr. Alvarenga is entitled to equitable relief in the form of legally required wages for the services Mr. Alvarenga provided to Defendants.

## Count V
### (Unjust Enrichment)

50. Mr. Alvarenga repeats and incorporates by reference paragraphs 1 through 36 as though fully set forth at length herein.

10

51. As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Mr. Alvarenga. Specifically, Defendants' illegal failure to pay minimum and overtime wages as well as the rounding practice described in paragraph 34 have enabled Defendants to profit, unjustly enriching Defendants at Mr. Alvarenga's expense in an amount to be proven at trial.

52. Defendants should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Alvarenga respectfully requests that this Court grant the following enter an order:

1. Declaring that Defendants violated:

    a. The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

    b. The District of Columbia Minimum Wage Act Revision Act of 1992, § 32-1001 *et seq.*

    c. The District of Columbia Wage Payment and Wage Collection Law, D.C. Code § 32-1301 *et seq.*

2. Awarding compensatory damages in the form of unpaid wages in an amount to be proven at trial under:

    a. The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

    b. The District of Columbia Minimum Wage Act Revision Act of 1992, D.C. Code § 32-1001 *et seq.*

    c. The District of Columbia Wage Payment and Wage Collection Law, D.C. Code § 32-1301 *et seq.*

3. Awarding liquidated damages in an amount to be proven at trial under:

11

    a.  The Fair Labor Standards Act, 29 U.S.C. § 216(b).

    b.  The District of Columbia Minimum Wage Act Revision Act of 1992, D.C. Code § 32-1012(a).

    c.  The District of Columbia Wage Payment and Wage Collection Law, D.C. Code § 32-1303(4).

4. Awarding such pre-judgment and post-judgment interest as may be allowed by law.

5. Awarding reasonable costs and attorneys' fees under:

    a.  The Fair Labor Standards Act, 29 U.S.C. § 216(b).

    b.  The D.C. Minimum Wage Act Revision Act of 1992, D.C. Code § 32-1012(c).

    c.  The District of Columbia Wage Payment and Wage Collection Law, D.C. Code § 32-1308(b).

6. Awarding any other and further legal and equitable relief, as the Court deems just and necessary.

## JURY DEMAND

Mr. Alvarenga hereby demands a trial by jury as to all issues herein.

Respectfully submitted,

/s/ Jeffrey S. Gutman
Jeffrey S. Gutman (D.C. Bar # 416954)
Lauren Bressack, Student Attorney
Katherine Kountzman, Student Attorney

The George Washington University Law School
Public Justice Advocacy Clinic
2000 G Street, N.W.
Washington, D.C. 20052
Dated: March 1, 2011        (202) 994-7463 (tel)
(202) 994-4693 (fax)
jgutman@law.gwu.edu (e-mail)